IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Application of:<br>CTS Research, Inc.<br>　　　　Petitioner,<br>For an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | C.A. _____ |

**DECLARATION OF MARISSEL DESCALZO**

I, Marissel Descalzo, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Partner at Descalzo Law P.A., attorneys of record for petitioner CTS Research. Inc. ("Petitioner" or "CTS") in this matter.

2. I am fully familiar with the facts and circumstances set forth herein, and submit this Declaration in support of CTS's Petition, pursuant to 28 U.S.C. § 1782, for assistance in aid of a foreign proceeding.

**A. Documents In Support of CTS's Application**

3. Attached hereto as **Exhibit A** is a true and correct copy of the document commencing the litigation currently pending in Supreme Court of British Columbia, bearing the caption *CTS Research, Inc. vs. Zachary Storm Williams* (Court File No. VLC-S-S-255851).

4. Attached hereto as **Exhibit B** is a true and correct copy of Petitioner's Proposed Amended Notice of Claim, inclusive of redlines showing new allegations, which adds Nathan Allen Pirtle as a defendant. The Proposed Amended Notice of Claim has been served on Pirtle.

5. Attached hereto as **Exhibit C** is a true and correct copy of the subpoena for the production of documents that Petitioner seeks to serve on Respondent AT&T Inc.

6. Attached hereto as **Exhibit D** is a true and correct copy of the subpoena for the production of documents that Petitioner seeks to serve on Respondent T-Mobile USA, Inc.

7. Attached hereto as **Exhibit E** is a true and correct copy of a compilation of screenshots from the State of Delaware Department of State, Division of Corporations online database listing the registration information of each of the Respondents.

**B. Canada Proceedings**

8. Petitioner's application is not an attempt to circumvent any foreign discovery restrictions and does not violate any Canada restrictions on gathering evidence. Petitioner has a good-faith basis for believing that it will be able to use these materials in the Canada Proceeding. Further, Petitioner has no reason to believe that the Canada Court would be unreceptive to the judicial assistance requested, nor is Petitioner aware of any limitation on discovery imposed by the Canada Court or the law of Canada, either generally or specifically, such that the request would circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of October, 2025 at Miami, Florida.

*/s/ Marissel Descalzo*
Marissel Descalzo

4935-0577-6757, v. 2